**SSAB SVENSKT STÅL AB, Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**Bethlehem Steel Corp., Defendant–Intervenors.**

Slip Op.98–3.
Court No. 96–05–01372.

United States Court of
International Trade.

Jan. 12, 1998.

Perkins Coie (Thomas V. Vakerics and Mark T. Wasden), for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice, (Velta A. Melnbrencis), Dean A. Pinkert, Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel, for defendant.

Skadden, Arps, Slate, Meagher & Flom LLP (Robert E. Lighthizer and John J. Mangan), for defendant–intervenors.

**MEMORANDUM OPINION**

DICARLO, Senior Judge.

In *SSAB Svenskt Stål AB v. United States,* 21 CIT ——, 976 F.Supp. 1027 (1997), the court remanded Commerce's final determination in *Certain Cut–to–Length Carbon Steel Plate From Sweden,* 61 Fed.Reg. 15,772 (Dep't Commerce 1996) (final admin. review) to allow Commerce to consider whether the foreign market value should be adjusted based upon rebates SSAB granted to certain home-market customers.

Commerce has concluded that the foreign market value should be adjusted. *Final Results of Redetermination on Remand, SSAB Svenskt Stål AB v. United States, Court No. 96–05–01372, Slip. Op. 97–123 (Aug. 29, 1997)* [hereinafter *Remand Results* ]. It found that SSAB's rebates were made on either a fixed and constant percentage-of-sales value or on a fixed and constant Swedish Kroner-

per-ton of total tonnage sold. They therefore qualified as direct selling expenses warranting a circumstance of sale adjustment to foreign market value. Commerce has recalculated the antidumping duty margin at 7.25 percent. This rate applies to certain cut-to-length carbon steel plate from Sweden entered between February 4, 1993 and July 31, 1994.

In its *Remand Results,* Commerce stated that it would "instruct the Customs Service to collect cash deposits at the above rate [of 7.25%] for entries from SSAB of cut-to-length carbon steel plate from Sweden." *Remand Results* at 4. The government has agreed that such instructions would be incorrect because Commerce has published subsequent administrative reviews that govern future cash deposits. (Resp. of U.S. to Comments Filed by Bethlehem Steel Corp. et al. to Final Remand Results of Dep't Commerce at 1.) Consequently, cash deposit rates will be governed not by the rate published in the *Remand Results,* but by the most recently completed administrative review, according to Commerce's normal procedures. *See Certain Cut–to–Length Carbon Steel Plate From Sweden,* 62 Fed.Reg. 46,947 (Dep't Commerce 1997) (final admin. review). As Commerce has complied with this court's remand order, its final remand results are sustained in all other respects.

### JUDGMENT ORDER

Upon consideration of all papers submitted in this case, and after due deliberation, it is hereby

ORDERED that the *Final Results of Redetermination on Remand, SSAB Svenskt Stål AB v. United States, Court No. 96–05–01372, Slip. Op. 97–123 (Aug. 29, 1997)* are sustained, with the exception of the statement that the Customs Service will collect cash deposits at the rate of 7.25 percent, and it is further

ORDERED that cash deposit rates will be calculated according to Commerce's normal procedures.

SO ORDERED.